IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02420-RBJ

MERILAN MIDIONA,

       Petitioner,

v.

ROBERT HAGAN, et al.,
in their official capacities,

       Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner Merilan Midiona's (petitioner) "Petition for a Writ of Habeas Corpus" (Petition), ECF No. 1. Among other relief, petitioner requests that the Court enjoin respondents from transferring her out of the District of Colorado or removing him from the United States during the pendency of this action. *See* ECF No. 1 at 12 (¶ 3).

The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove her from the United States during the pendency of these proceedings. The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

1

Petitioner, who has lived in the United States for 3 years, is currently in immigration detention at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 2 at ¶ 2. She asserts that respondents are illegally detaining her under the mandatory detention regime of 8 U.S.C. § 1225(b)(2)(A), the period of her detention has extended far beyond what is legally authorized under 8 U.S.C. § 1231(a), the detention violates her right to a bond hearing under 8 U.S.C. § 1226(a) and ICE's binding regulations, the Administrative Procedure Act, and her procedural and substantive due process rights. *See id.* at ¶¶ 39–51.

Among other relief, petitioner requests that this Court order her release forthwith or a bond hearing. *Id.* at 11–13 (¶¶ 54, 59, 61). As this Court has previously explained, the question of what provision of the Immigration and Nationality Act properly governs the detention of a noncitizen who, like petitioner, entered the country without inspection and has resided here for more than two years is a recurring issue. *See, e.g.*, *Campos-Melara v. Noem, et al.*, 1:25-cv-03929-RBJ, ECF No. 7 (D. Colo. Dec. 9, 2025); *Ugarte Hernandez v. Baltazar, et al.*, 1:25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan. 15, 2026).

This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen challenging his mandatory detention under § 1225(b)(2)(A). *See, e.g.*, *Castillo v. Andra-Ybarra*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *12-13 (D.N.M.

Nov. 21, 2025); *Alves v. U.S. DOJ*, Cause No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025). The Court has ordered this preliminary relief in numerous cases presenting this same issue and will order this relief here. *See, e.g.*, *Campos-Melara*, 1:25-cv-03929-RBJ, ECF No. 7; *Vences Nuñez v. Noem, et al.*, 1:25-cv-04046-RBJ, ECF No. 4 (D. Colo. Dec. 18, 2025).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the Petition only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring her out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court recognizes that the issue—as presented by petitioner—is a familiar one. Moreover, the Court respects the urgency of a petitioner alleging unlawful detention, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately. This Court has presided over habeas petitions that were initially framed as presenting this identical statutory question but ultimately turned on different issues. That being said, the Court has also seen respondents submit the same brief in numerous habeas cases conceding that the

3

dispositive issue "is not materially different" from the one at bar, which the Court has now decided many times. *See, e.g.*, *Mejia Arias v. Baltasar*, 1:26-cv-00770, ECF No. 12 at 2 ("Response to Petition for Writ of Habeas Corpus and Order to Show Cause") (Mar. 17, 2026). In such cases, Respondents have voiced their disagreement with the Court's prior rulings and offered an abbreviated version of their argument, while recognizing "that until the Tenth Circuit rules on this issue," the Court's prior rulings likely dictate the same outcome. *Id.* at 3.

The Court respectfully requests that, if respondents can assess the instant Petition in short order and reach the conclusion that they will take the same approach here, they do not hesitate in submitting their response.

To the extent they have not done so yet, no later than Wednesday, June 3, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner or requiring a bond hearing. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is

"subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: June 2, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge